NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001071
14-MAY-2012
10:14 AM**

NO. CAAP-11-0001071

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MICHAEL DOYLE RUGGLES, et al.,
Plaintiffs-Appellants,
v.
DOMINIC YAGONG, current Hawaii County Council member, et al.,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-0117)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Plaintiffs-Appellants Michael Doyle Ruggles, Rev. Nancy Waite Harris, Kenneth V. Miyamoto-Slaughter, Wendy Tatum, David Tatum, George Herman Klare, Barbara Jean Lang, and Robert S. Murray have asserted from the Honorable Greg K. Nakamura's November 15, 2011 "Findings of Fact, Conclusions of Law and Decision and Order" (the November 15, 2011

interlocutory order), because the November 15, 2011 interlocutory order is not independently appealable.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated Rule 58 of the Hawaii Rules of Civil Procedure (HRCP), which specifically requires that "[e]very judgment shall be set forth on a <u>separate</u> document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Id.</u> at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a <u>separate</u> judgment." <u>Alford v. City and County of Honolulu</u>, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a <u>separate</u> document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a <u>separate</u> document.'" <u>Price v. Obayashi Hawaii Corp.</u>, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

The November 15, 2011 interlocutory order is not a judgment. On February 10, 2011 the record on appeal for appellate court case number CAAP-11-0001071 was filed, at which time the record on appeal did not contain a separate judgment

that resolved all claims, as HRCP Rule 58 requires for an appeal under the holding in <u>Jenkins</u>. Absent a separate judgment, we lack jurisdiction over Appeal No. CAAP-11-0001071.

Therefore, IT IS HEREBY ORDERED that Appeal No. CAAP-11-0001071 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 14, 2012.

Presiding Judge

Associate Judge

Associate Judge